IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA PRIEUR,<br>a Texas citizen,<br><br>    Plaintiff,<br><br>vs.<br><br>ST. JUDE'S MEDICAL, INC.,<br>a Minnesota corporation, and<br>JANE DOE,<br><br>    Defendants. | Case No. 3:10-cv-01059-N<br><br>Honorable David C. Godbey |

**DEFENDANT ST. JUDE MEDICAL, INC'S**
**MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant St. Jude Medical, Inc. (improperly named as St. Jude's Medical, Inc.)(hereinafter "St. Jude"), by and through its attorneys, hereby respectfully requests that this Court enter an Order striking Plaintiff's First Amended Complaint[1] and, in support, states as follows:

I.    **Introduction and Procedural History**

On May 12, 2010, Plaintiff sued St. Jude and an unknown St. Jude sales representative, designated "Jane Doe," in the District Court, Dallas Judicial District, Dallas County, Texas. Plaintiff asserted state law product liability claims against St. Jude relating to a pacemaker, and further alleged that "Jane Doe" improperly took part in Plaintiff's pacemaker implantation surgery during which she allegedly made a "wrong call" purportedly resulting in Plaintiff's physicians having to implant an extra pacemaker lead. Plaintiff also asserted a claim sounding in

---

[1] The First Amended Complaint, at issue in this motion, adds Jean Prieur as a second plaintiff. However, in light of the fact that St. Jude seeks to strike the First Amended Complaint, St. Jude will refer to Maria Prieur only, the singular plaintiff in the original complaint that St. Jude removed to this Court.

1

intentional infliction of emotional distress that allegedly resulted from a "heated exchange" with Jane Doe.

On May 26, 2010, St. Jude removed Plaintiff's lawsuit to this Court based upon diversity. *See* Notice of Removal, [D.E. # 1].

On June 14, 2010, St. Jude filed its pending Motion for Judgment on the Pleadings, seeking final judgment of dismissal under authority of, *inter alia*, FDCA §360k(a) and the decision of the Supreme Court of the United States in *Riegel v. Medtronic,* 128 S. Ct. 999, 169 L. Ed. 2d 892 (2008). *See* St. Jude's Motion for Judgment on the Pleadings [D.E. # 5]. That same day, Plaintiff had filed its First Amended Complaint without prior leave, supposedly as a matter of course under to Fed. R. Civ. P. 15(a). *See* Plaintiff's First Amended Complaint, [D.E. #4]. However, inasmuch as the First Amended Complaint ostensibly destroyed diversity by purporting to join Texas citizen, Parkland Health and Hospital System ("Parkland"), Plaintiff was required, yet failed, to seek leave before filing, notwithstanding Rule 15(a). For this reason alone, Plaintiff's First Amended Complaint must be stricken.

Beyond the above, Plaintiff's joinder of Parkland as a defendant was fraudulent and/or otherwise improper. Without any legal or factual basis, Plaintiff alleges that Parkland negligently 1) distributed the allegedly faulty lead that is the subject of this lawsuit and/or failed to test the allegedly faulty lead before Plaintiff's doctors implanted same into Plaintiff, 2) failed to obtain Plaintiff's permission before allowing Jane Doe into Plaintiff's pacemaker implantation surgery, and 3) allowed Jane Doe to participate in said surgery. Simply stated, the First Amended Complaint contains only conclusory allegations that are insufficient to state a claim under Fed. R. Civ. P. 8.

Moreover, with respect to Plaintiff's claim for negligence relating to Parkland's distribution and/or failure to test the allegedly faulty lead, no such claim is cognizable under Texas law. As a matter of Texas law, a hospital cannot be sued for strict liability for a medical device provided to a patient. As such, Plaintiff has concocted a fictional claim against Parkland. Plaintiff even failed to allege compliance with §74.051 of the Texas Civil Practice and Remedies Code, which requires Plaintiff to provide Parkland a 60-day notice before it can be sued. In light of the foregoing, it is clear that Plaintiff added Parkland for the fraudulent and/or otherwise improper purpose of destroying diversity. Accordingly, this Court should strike Plaintiff's First Amended Complaint and preclude Plaintiff from joining Parkland as a defendant to this action.[2]

## II.   Argument

### A.   Plaintiff failed to seek leave of Court

A party may not amend its complaint to join a non-diverse party as a matter of right under Rule 15(a) under where the addition would divest the Court of its jurisdiction. *McKnight v. Orkin, Inc.*, 2009 WL 2367499 at *2 (S.D. Miss. 2009). *See e.g.*, *Mayes v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir.1999); *Horton v. Scripto-Tokai Corp.*, 878 F.Supp. 902, 908 (S.D.Miss.1995); *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D.La.1997); *Whitworth v. TNT Bestway Transp.*, 914 F.Supp. 1434, 1435 (E.D.Tex.1996); 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil, § 1477, at 562 (2d ed. 1990) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action."). Rather, "the plaintiff must obtain permission from the Court to amend and add the non-diverse defendants in accordance with §

---

[2] More recently, on June 25, 2010, Plaintiff continued her improper course by moving for leave to file a second amended complaint [D.E. # 6], wherein Plaintiff attempts to plead around the *Riegel* with yet more conclusions and still with no facts. St. Jude intends to oppose that motion based upon both procedural and substantive grounds.

3

1447(a)." *McKnight*, 2009 WL 2367499 at *2. Simply stated, 28 U.S.C § 1447(e) trumps Rule 15(a). *Id. citing Ascension Enterprises,* 969 F.Supp. at 360. Here, inconsistent with the prevailing case law, Plaintiff did not seek permission from the Court to join Parkland as a defendant before filing her First Amended Complaint. For this reason alone, this Court should strike Plaintiff's First Amended Complaint.

### B. Plaintiff's Joinder of Parkland is Fraudulent

The First Amended Complaint should be stricken, and the Plaintiff should be barred from hereafter retroactively seeking to join Parkland, also because Plaintiff's joinder of Parkland would be fraudulent and/or otherwise improper.

#### i. Applicable Law

"Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F. 3d 694, 699 (5th Cir. 1999); *Burden v. General Dynamics Corp.*, 60 F. 3d 213, 217-18 (5th Cir. 1995). A defendant opposing joinder on the latter basis needs to show that there is "no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs*, 181 F.3d at 699. In other words, "a court must determine whether there is any reasonable basis for predicting that [the plaintiff] might be able to establish [the non-diverse defendant's] liability on the pleaded claims in state court." *Id.* "A reasonable basis means more than a mere a hypothetical basis." *Medistar Twelve Oaks Partners, Ltd. v. American Economy Ins. Co.*, 2010 WL 1996596 at *2 (S.D. Tex. 2010) (internal quotation omitted); *Griggs*, 181 F. 3d at 701 ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether or not a "reasonable basis" exists, the court may (1) "conduct a Rule 12(b)(6)-type analysis," or (2) if the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry." *Hambric Sports Management, LLC v. Team AK, Inc.*, 2010 WL 1962691 at * 3 (N.D. Tex. 2010) (internal citations omitted); *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir.2009).  Moreover, conclusory allegations without any factual basis are insufficient to state a claim against the non-diverse defendant and constitute a fraudulent joinder. *Badon v. RJR Nabisco Inc.*, 224 F. 3d 382, 392-93 (5th Cir. 2000) (improper joinder found where allegations in amended complaint regarding conspiracy were conclusory and general); *Crawford v. Charles Schwab & Co., Inc.*, 2009 WL 3573658 at * 2 (N.D. Tex. 2009) ("Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined."); *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004) (conclusory allegations in complaint insufficient to defeat defendant's claim of improper joinder).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (stating Fed. R. Civ. P. 8 requires "more than an

5

unadorned, the-defendant-unlawfully-harmed-me accusation" *citing Twombly*, 550 U.S. at 555). Here, Plaintiff has failed to state a claim upon which relief can be granted against Parkland. Thus, Plaintiff's joinder of Parkland is improper and Plaintiff should be precluded from joining Parkland as a defendant to this action.

### ii.    Plaintiff's First Amended Complaint Fails to State a Claim Against Parkland

Plaintiff's First Amended Complaint fails to state a claim against Parkland upon which relief can be granted. Without alleging legal or factual basis, Plaintiff alleges that Parkland negligently 1) distributed the allegedly faulty lead that is the subject of this lawsuit and/or failed to test the allegedly faulty lead before Plaintiff's doctors implanted same into Plaintiff, 2) failed to obtain Plaintiff's permission before allowing Jane Doe into Plaintiff's pacemaker implantation surgery, and 3) allowed Jane Doe to participate in said surgery. Plaintiff also brings a claim for intentional infliction of emotional distress against Parkland stemming from the allegedly heated dialogue that Jane Doe had with Plaintiff after the surgery. Each of these claims fails to state cause of action against Parkland and, accordingly, Plaintiff's joinder of Parkland is improper.

### a.    Plaintiff's Negligence Claim for Parkland's Failure to Test the Lead Fails

Plaintiff's negligence claim against Parkland for its role in distributing and/or failing to test the allegedly faulty lead fails because Texas law precludes such a cause of action. By alleging that Parkland had a role in distributing the allegedly faulty lead and/or testing same, Plaintiff is actually bringing a claim for strict liability. "To be held strictly liable, the law requires that one must sell a product in a defective condition and must be engaged in the business of selling such a product." *Cobb v. Dallas Fort Worth Medical Center-Grand Prairie*, 48 S.W. 3d 820, 826 (Tex. App.-Waco 2001) *citing* Restatement (Second) of Torts, § 402A (1965).

6

Furthermore, generally, strict liability does not apply to defective services. *Id.* Generally, in Texas, a hospital cannot be sued for strict liability for a medical device provided to a patient because they are not engaged in the selling of the products and equipment used in the course of providing medical services. *Id* (transpedicular hardware and screws were provided during course of providing medical treatment thus precluding claim for strict liability); *Easterly v. HSP of Texas, Inc.*, 772 S.W. 2d 211, 213 (Tex. App.-Dallas, 1989) (epidural kit was provided during course of providing medical services thus precluding claim for strict liability).

Here, the leads were provided to Plaintiff during the course of providing medical treatment. Indeed, Plaintiff alleges that she "was admitted to Parkland Hospital [where] it was discovered that her heart rate was approximately 40 beats per minute and she was scheduled for [a pacemaker implantation surgery]." First Amended Complaint, ¶ IV. During the surgery, Plaintiff's doctors implanted leads at issue. *Id.* Thus, because the leads were provided to Plaintiff during the course of rendering medical services, Plaintiff cannot state a claim against Parkland relating to the distribution and/or testing of the allegedly faulty lead.

    **b.**  **Plaintiff's Negligence Claims Against Parkland Relating to Jane Doe Fail**

Plaintiff also alleges that Parkland was negligent for 1) allowing Jane Doe to participate in Plaintiff's pacemaker implantation surgery without Plaintiff's consent and 2) Jane Doe's conduct during said surgery. In essence, Plaintiff is claiming that Parkland is liable for Plaintiff's injuries under the theory of agency. However, Plaintiff's negligence claims relating to Jane Doe also fail because she has not pled facts that would support such causes of action. Under *Twombly*, wholly conclusory allegations are insufficient to state a claim upon which relief can be granted. Plaintiff's "obligation to provide the 'grounds' of their 'entitle[ment] to relief'

7

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." 127 S.Ct. at 1964-65.

Here, Plaintiff's First Amended Complaint contains "throw away" allegations with respect to how Parkland would be liable for allowing Jane Doe to participate in Plaintiff's surgery or her conduct during same. For instance, Plaintiff merely alleges that "[P]arkland Hospital negligently failed to ask Plaintiff for permission to have any non physician or person not a nurse or physician in the operating room..." (First Amended Complaint, § IV) and "Parkland is also liable for Jane Doe's acts an omissions as their agent or if she is a borrowed employee by Parkland." *Id.* at § II. Plaintiff's First Amended Complaint does not contain any factual allegations to support her claim that there was a principal-agent relationship between Parkland and Jane Doe. Thus, Plaintiff's negligence claims against Jane Doe are subject to dismissal under Fed. R. Civ. P. 12(b)(6).

### c. Plaintiff's Claim Against Parkland for Intentional Infliction of Emotional Distress Fails

This claim fails because Parkland cannot be held liable vicariously for its employee's intentional torts.[3] In Texas, to state a claim for intentional infliction of emotional distress, a plaintiff must allege facts to show that the defendant (1) acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Leachman v. Dretke*, 261 S.W.3d 297, 315 (Tex. App. – Fort Worth 2008); *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex.2004). Outrageous conduct is that which goes beyond all possible bounds of decency and is utterly intolerable in a civil society. *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993).

---

[3] St. Jude denies that Jane Doe is Parkland's employee and/or agent, but accepts this allegation as true for the sole purpose of addressing Plaintiff's claim for intentional infliction of emotional distress.

8

Furthermore, an employer cannot be held liable for its employee's intentional torts under the theory of *respondeat superior* unless the employee's act (1) falls within the scope of his general authority, (2) is in furtherance of the employer's business, and (3) is for the accomplishment of the object for which the employee was hired. *Perez v. Encore Wire, Corp.*, 2006 WL 543988 at * 4 (E.D. Tex. 2006); *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 493 (Tex.App.-Fort Worth, 2002, no pet.).

Plaintiff's First Amended Complaint only contains one allegation regarding her claim for intentional infliction of emotional distress – an alleged "heated dialogue" between Plaintiff and the St. Jude representative. This allegation does not constitute "extreme and outrageous" conduct as required for this tort. *See generally Antoine-Tubbs v. Local 513, Air Transport Div., Transport Union Of America, AFL-CIO*, 50 F. Supp. 2d 601, 611 (N.D. Tex. 1998) (alleged yelling and arguing with plaintiff in workplace did not constitute "extreme and outrageous" behavior). As such, Plaintiff has failed to allege sufficient facts under *Twombly* to state a cause of action for intentional infliction of emotional distress against Parkland. For this reason, Plaintiff has not stated a cause of action against Parkland for intentional infliction of emotional distress.

        iii.    **Plaintiff has Failed to Comply with § 74.051 Texas Civil Practice And Remedies Code**

Finally, Plaintiff's failure to comply with § 74.051 of the Texas Civil Practice and Remedies Code provides further evidence that Plaintiff improperly joined Parkland for the sole purpose of destroying diversity. Pursuant to §74.051, a plaintiff must provide the defendant with 60-day notice before commencing an action against a healthcare provider. Tex. Civ. Prac. & Rem. Code Ann. § 74.051. Subsequently, the plaintiff, in its complaint, is required to include a statement stating that it complied with § 74.051. *Id.* Here, Plaintiff has failed to comply with the

9

statute as Plaintiff's First Amended Complaint fails to include language that it provided Parkland with the 60-day notice required by law. The likely explanation for this is that Plaintiff hurriedly joined Parkland under the mistaken belief that it could file an amended complaint as a matter of course and destroy diversity.

### III. Conclusion

For the foregoing reasons, this Court should strike Plaintiff's First Amended Complaint.

Respectfully submitted.

THOMPSON KNIGHT

By: /s/ Timothy E. Hudson
Timothy E. Hudson / Tex. Bar No. 24046120
Tim.Hudson@tklaw.com
1722 Routh Street, Suite 1500
Dallas, TX 75201
Phone: (214) 969-1540
Fax: (214) 880-3132

FELDMAN GALE, P.A.
James A. Gale / Fla. Bar. No. 371726
JGale@FeldmanGale.com
Gregg H. Metzger / Fla Bar. No. 836850
GMetzger@FeldmanGale.com
Todd M. Malynn / CA Bar No. 181595
TMalynn@FeldmanGale.com
Ashutosh Dalvi / Fla. Bar. No. 0046713
ADalvi@FeldmanGale.com
(seeking admission *pro hac vice*)
One Biscayne Tower, Suite 3000
2 S. Biscayne Boulevard
Miami, Florida 33131
Phone: (305) 358-5001
Fax: (305) 358-3309
*Attorneys for Defendant St. Jude Medical, Inc.*

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has attempted to confer with Plaintiff's counsel, on multiple occasions via telephone, regarding the relief sought in this motion in a good faith effort to resolve the issues raised in the motion but has not been able to do so as of the date of this filing. Accordingly, the following issues have been resolved: None. The following issues remain unresolved: All issues raised in the motion.

/s/ Ashutosh B. Dalvi

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2010 a true and correct copy of the foregoing was furnished by U.S. Mail, Electronic Mail and/or Facsimile to:

Dennis G. Brewer, Sr.
Texas Bar No. 02963000
Justin Ewert
Texas Bar No. 24059730
The Urban Towers
222 West Las Colinas Blvd., Suite 1325-E
Irving, Texas 75039
Attorneys for Plaintiff

/s/ Timothy E. Hudson